UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **CRIMINAL ACTION** |
| | ) | **NO. 05-40030-FDS** |
| GLISERMI DIAZ, | ) | |
| Defendant, | ) | |

**FINDINGS AND ORDER ON PRELIMINARY
REVOCATION/DETENTION HEARING**
**December 27, 2006**

HILLMAN, M.J.

### I. Nature of the Offense and the Government's Motion

Defendant pled guilty in the Eastern District of New York to importation of a controlled substance (cocaine) in violation of 21 U.S.C. §§952(a) and 960(b)(3). On January 12, 2001, Defendant was sentenced in the Eastern District of New York to time served and three years of supervised release. Defendant was supervised by the District of Massachusetts (her place of residence). In February 2002, Defendant relocated to California. Thereafter, she twice requested permission to return to Massachusetts; those requests were denied because the proposed places of residence were found unsuitable. Defendant stopped reporting to the Central District of California probation office in late November/early December 2002. A warrant was issued for Defendant's arrest for violating the terms of her supervision. She remained a fugitive for two years.

On March 5, 2005, Defendant pled guilty to violating the terms of her supervised release and was sentenced to time served and two years of supervised release, commencing that same date; on May 13, 2005, the jurisdiction of Defendant's supervised release was transferred to Massachusetts.  In addition to the special condition that she receive substance abuse/mental health treatment as directed by the probation department, she was required to comply with the standard conditions of release, including that: she not commit another federal, state or local crime while on release; she notify the probation department within seventy-two hours of being arrested or questioned by a law enforcement officer; she report to the probation department and submit a truthful and complete written report within the first five days of each month; and she truthfully answer all inquiries by the probation officer and follow the instructions of the probation officer.

Defendant is alleged to have violated the terms of her Supervised Release by violating the above specified standard conditions of release and the Government seeks her detention pending a Final Revocation Hearing scheduled for Wednesday, January 3, 2007 before Judge Saylor in Worcester, Massachusetts.  At a Preliminary Revocation and Detention Hearing, the Defendant agreed that there was probable cause to believe that she had violated the terms of her Supervised Release, but contested the Government's Detention Motion.

## II.  Findings of Fact

On October 29, 2006, Defendant was arrested for shoplifting.  Defendant had attempted to purchase gift cards from the Stop&Shop; when her check was refused, she grabbed three gift cards and attempted to leave the store.  She was stopped and the police were called.  The police ran a computer check which showed an outstanding warrant against the Defendant issued by the Worcester District Court in connection with a larceny case.  Defendant was released on personal

recognizance by the Westborough District Court. She failed to appear for her arraignment the next day and a warrant issued for her arrest.

On November 19, 2006, Defendant was questioned by a police officer at the Price Chopper on Park Avenue in Worcester, Massachusetts concerning a possible larceny (involving fraudulent checks). A computer check revealed an outstanding warrant for Defendant's failure to appear with respect to the shoplifting charge. The officer attempted to place Defendant under arrest; Defendant resisted. As a result of this incident, Defendant was charged with assault and battery on a police officer and resisting arrest. Defendant was released by the Worcester Court and ordered to appear at the Westborough Court to clear up the outstanding arrest warrant from the shoplifting charge; Defendant failed to appear in the Westborough District Court, as ordered, and a new warrant issued and remains outstanding.

Defendant has not reported any of these arrests to her probation officer. The probation Department attempted to resolve Defendant's violations administratively; Defendant failed to appear for scheduled hearings at the probation office on two occasions. On one of the hearing dates, Defendant told her probation officer that she could not appear because she was at the Westborough District Court attempting to clear up the outstanding warrant against her in connection with the shoplifting case. When the probation officer checked with the Westborough District Court, he learned that Defendant had not appeared to clear up the warrant.

Defendant has six children, the youngest of whom is two months old. Five of those children live with her. Defendant has indicated that she did not show up in the Westborough District Court on November 21, 2006 and for one of her administrative hearings because of car trouble.

### III. Detention

Fed. R. Crim. P. 32.1(a)(6) provides that a person charged with a violation of his/her supervised release may be released or detained pending a revocation hearing. However, "[t]he burden of establishing that the person will not flee or will not pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6). I do not find that Ms. Diaz has met that burden. Early on in her supervised release, Ms. Diaz was allowed to relocate to California and be supervised by that office. When her attempts to return to Massachusetts were denied, she simply stopped reporting to probation. She has recently been arrested on two occasions. She defaulted with respect to one of the cases and when upon her second arrest was ordered by the court to clear up that default, failed to do so. Ms. Diaz also has at least one prior default on her record for failure to appear. Furthermore, she twice failed to report to the probation office for an administrative hearing, which would have resolved this matter without this Court's involvement. Under these circumstances, I find that if released, Ms. Diaz is unlikely to appear for her revocation, as required.

Therefore, in accordance with Fed. R. Crim. P. 32.1(a)(6), I find that Ms. Diaz should be detained pending a revocation hearing before Judge Saylor on January 3, 2007 at 10:00 a.m., in Worcester, Massachusetts.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE